FORD MOTOR CREDIT COMPANY
*v.* Walter E. YARBROUGH et al

79-57                                                    587 S.W. 2d 68

Opinion delivered September 10, 1979
(Division I)
[Rehearing denied October 15, 1979.]

*Griffin Smith* and *W. R. Nixon, Jr.*, for appellant.

*Spencer & Spencer*, for appellees.

DARRELL HICKMAN, Justice. This case is a sequel to the case of *Ford Motor Credit Company* v. *Yarbrough, et al*, 263 Ark. 610, 567 S.W. 2d 96 (1978). In the first case we upheld the chancellor's holding that usury voided certain contracts. The only reminaing issue to be determined was that of damages, because appellant had repossessed and sold the property, under a bond.

The chancellor heard evidence from both parties and entered an order which reads, in part, as follows:

. . .

The Court has used no average or formula but has treated each unit separately and considered all evidence and testimony introduced, including the demeanor of the witnesses. The Court finds from a preponderance of the evidence the value of each vehicle at the time of taking to be as follows:

1. Roy A. Yarbrough
   Two trailers                              $12,600.00
   Two 8,000 tractors                          34,881.68
                               Total         $47,481.68

2. N. B. Yarbrough, Jr.
   One trailer                              $ 1,750.00
   One 9,000 tractor                          19,590.09
                               Total         $21,340.09

3. Earl H. Yarbrough
   One trailer                              $ 6,300.00
   One 9,000 tractor                          20,527.07
                               Total         $26,827.07

. . .

On appeal the appellant alleges only one error and that is that the determination of value by the chancellor is against the preponderance of the evidence.

On appeal we look to see if the findings of the chancellor are clearly erroneous. *Titan Oil & Gas* v. *Shipley*, 257 Ark. 278, 517 S.W. 2d 210 (1974). We cannot say that the findings in this case are that erroneous and, therefore, we will affirm the judgment of the chancellor.

The appellant argues that the testimony of the appellees should be discounted because they are interested parties and that the only credible evidence was that offered by the appellant.

Roy Yarbrough testified that the two trailers were worth $8,500.00 each and that the two tractors were each worth $21,500.00, or $22,000.00. The chancellor found the value of the vehicles to be some $12,000.00 less than Roy Yarbrough's testimony.

Earl Yarbrough testified that the value of the equipment which was repossessed from him was about $32,000.00. He received judgment for some $26,500.00.

N. B. Yarbrough, Jr. asked for $31,500.00 and he obtained judgment for $21,340.00.

We agree with the appellant that the testimony of one Archie Norman as an expert is of little value. Norman's familiarity with the vehicles in question was not sufficient for him to offer a firm opinion as to the value of the vehicles that could be given a great deal of weight.

The appellant offered evidence of value by showing the amount recovered when some of the vehicles were sold. For example, one of Roy Yarbrough's trucks was sold to a Ford dealer for $10,500.00. It was not denied that this was a wholesale price. Earl Yarbrough's tractor was sold to a dealer for $16,000.00, which was also considered to be a wholesale price. A similar vehicle belonging to another Yarbrough, who is not a party to this appeal, was sold at retail for over $28,-000.00 to an individual. However, it had had extensive repairs.

There was evidence the vehicles were no more than two

years old, new models changed little from year to year and prices of new models had gone up dramatically.

The chancellor, just as a jury, is not required to accept at face value testimony of the witnesses. The chancellor did not in this case. No doubt, the chancellor took into consideration all the evidence, as his decree reflects, and arrived at figures less than the Yarbroughs sought but more than the appellant felt were justified.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.